ORIGINAL

Prob 12C
(Rev. 1/06 D/HI)

# SEALED BY ORDER OF THE COURT
## United States District Court

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

### for the

AUG 06 2007

### DISTRICT OF HAWAII

at _8_ o'clock and _40_min. _A_ M. _by_
SUE BEITIA, CLERK

U.S.A. vs. VIRGIL EDWARD SLOT                    Docket No. CR 00-00187HG-12

### REQUEST FOR COURSE OF ACTION
#### (Statement of Alleged Violations of Supervised Release)

COMES NOW MARK T. NUGENT, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of VIRGIL EDWARD SLOT who was placed on supervision by the Honorable Helen Gillmor sitting in the Court at Honolulu, Hawaii, on the 9th day of April 2001, who fixed the period of supervision at 5 years as to Count 2 of the Superseding Indictment and 3 years as to the Information, all such terms to run concurrently, and imposed the General terms and conditions theretofore adopted by the Court and also imposed Special Conditions and terms as follows:

1. That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

2. That the defendant is prohibited from possessing any illegal or dangerous weapons.

3. That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

The subject began his term of supervised release on 5/11/2007.


SEALED
BY ORDER OF THE COURT

Prob 12C
(Rev. 1/06 D/HI)

2

On 6/29/2007, the Court modified a Mandatory Condition and added a Special Condition as follows:

Mandatory
Condition:     That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision (Mandatory Condition).

Special
Condition
No. 4:        That the defendant shall participate in mental health counseling at the discretion and direction of the Probation Office.

## RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

### Alleged Violation(s) of Supervised Release

That the subject has violated the conditions of his Supervised Release (Judgment and Probation Form 12B attached) as follows:

1.  The subject admitted that on or about 5/29/2007, he smoked methamphetamine, in violation of the General Condition.

2.  The subject refused to comply with drug testing on 6/26/2007 and 7/23/2007, in violation of Special Condition No. 1.

3.  The subject admitted that on or about 6/27/2007, he smoked methamphetamine, in violation of the General Condition.

4.  The subject's urine specimen submitted on 7/20/2007 tested positive for marijuana, in violation of the General Condition.

5.  The subject admitted that on or about 7/21/2007, he smoked methamphetamine, in violation of the General Condition.

Based on the above, the U.S. Probation Officer recommends that a NO BAIL Warrant be issued and that the subject be brought before the Court to show cause why supervision should not be revoked.

Prob 12C
(Rev. 1/06 D/HI)

3

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[✓] The issuance of a NO BAIL Warrant and that the subject be brought before the Court to show cause why supervision should not be revoked.  The NO BAIL Warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

[ ] Other

I declare under penalty of perjury that the foregoing is true and correct

Executed on    8/2/2007

MARK T. NUGENT
U.S. Probation Officer

Approved by:

PETER D. YOSHIHARA
Supervising U.S. Probation Officer

## ORDER OF COURT

THE COURT ORDERS the issuance of a NO BAIL Warrant and that the subject be brought before the Court to show cause why supervision should not be revoked.  The NO BAIL Warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

Considered and ordered this 2nd day of August, 2007, and ordered filed and made a part of the records in the above case.

HELEN GILLMOR
Chief U.S. District Judge

Re:    **SLOT, Virgil Edward**
       **Criminal No. CR 00-00187HG-12**
       **REVOCATION OF SUPERVISED RELEASE**

## STATEMENT OF FACTS

### Violation No. 1 - Admission to Smoking Methamphetamine on 5/29/2007

The subject began his term of supervised release on 5/11/2007.  The subject was initially residing with his adult daughter and her husband.  However on 6/1/2007, prior to being required to submit to urinalysis, the subject informed this officer that he would probably be "dirty."  The subject explained that he and his daughter were not getting along.  He explained that because he was incarcerated for so long, he had been unable to establish a bond with her and felt rejected by her.  The subject indicated that on or about 5/29/2007, he smoked methamphetamine in response to his feelings of rejection and depression.

At the direction of this officer, the subject provided a urine specimen.  The specimen was tested with a hand-held drug testing device which did not detect the presence of illegal substances.

However in an effort to address the subject's admitted use of methamphetamine, the subject agreed to seek mental health counseling.  The addition of a mental health special condition was approved by the Court and the subject was allowed to complete his drug treatment at Freedom Recovery Services (FRS) in Honolulu.  Additionally, the subject was required to gain entry into a clean and sober living home.

### Violation Nos. 2 and 3 - Refusal to Comply With Drug Testing on 6/26/2007 and 7/23/2007; and Admission to Smoking Methamphetamine on 6/27/2007

On 6/28/2007, FRS reported that the subject failed to appear for drug testing on 6/26/2007.  Later that same day, upon being telephonically contacted and questioned about his failure to appear for drug testing, the subject explained that he thought he called the FRS recorder but acknowledged that he may have forgotten.  The subject reported that he had not used any illegal drugs and that he was "clean."  The subject was instructed to report to the U.S. Probation Office on the morning of 6/29/2007.

On the morning of 6/29/2007, the subject appeared at the U.S. Probation Office.  Prior to collecting a urine specimen, this officer inquired if the subject had recently used any illegal drugs.  The subject again reported that he had not.  Following this, the subject was required to provide a urine specimen.  The specimen was tested with a hand-held drug testing device that revealed the presence of methamphetamine.  Upon being confronted with the presumptively positive test result, the subject then admitted that he had smoked methamphetamine on or about 6/27/2007.  The subject explained that while he was attending a doctor's appointment at the Waikiki Health Center, he met an "old friend" who offered him methamphetamine.  The subject reported that he could not resist the temptation and smoked methamphetamine.  The specimen was forwarded to Kroll Laboratory Specialist, Inc. (KLS), for confirmation testing.

**Re:    SLOT, Virgil Edward**
**Criminal No. CR 00-00187HG-12**
**REVOCATION OF SUPERVISED RELEASE**
**STATEMENT OF FACTS - Page 2**

In an effort to address his relapse, the subject was instructed to seek intensive outpatient drug treatment. The subject indicated that the manager at his clean and sober home had spoken highly of The Queen's Day Treatment Center Intensive Outpatient Program (Queen's IOP). As a result, the subject was instructed to seek entry into the Queen's IOP.

On 7/6/2007, KLS reported that the urine specimen collected on 6/29/2007 was negative for methamphetamine. However, the test results revealed that the specific gravity was abnormal. A KLS scientist was contacted and explained that the urine specimen contained an excessive amount of liquid that diluted the specimen. According to the KLS scientist, when urine is diluted, it is harder to detect the presence of illegal substances.

On 7/24/2007, FRS reported that the subject failed to appear for drug testing on 7/23/2007. Upon being questioned about his failure to appear for drug testing on 7/23/2007, the subject claimed that he called the FRS recorder and that his color (red) was not called for urinalysis collection on 7/23/2007.

Following this, a representative of FRS was contacted. According to the FRS representative, the recorder on 7/22/2007 instructed all individuals with probation color red to submit to urinalysis on 7/23/2007.

### Violation No. 4 - Positive Urine Specimen for Marijuana on 7/20/2007

On 7/19/2007, this officer retrieved a voice mail message from an FRS counselor. According to the counselor, on the evening of 7/18/2007, the subject claimed that he could not urinate and was only able to provide a small amount of urine. The FRS counselor tested the urine with a hand-held drug testing device which revealed the presence of marijuana. However, the amount of urine provided was insufficient to be lab tested. As a result, the FRS counselor did not submit the urine for confirmation testing.

Later that same day (7/19/2007), this officer telephonically contacted the subject and questioned him about the presumptively positive urine specimen. The subject reported that he had made a mistake and had smoked marijuana a couple of days prior (on or about 7/17/2007). The subject explained that he met a friend who offered him marijuana. He indicated that he was feeling stressed and gave into temptation. The subject was instructed to report to the U.S. Probation Office on 7/20/2007 to provide a urine specimen.

On 7/20/2007, the subject provided a urine specimen at the U.S. Probation Office that was presumptively positive for marijuana. The specimen was forwarded to KLS for confirmation testing.

**Re:    SLOT, Virgil Edward**
**Criminal No. CR 00-00187HG-12**
**REVOCATION OF SUPERVISED RELEASE**
**STATEMENT OF FACTS - Page 3**


On 7/26/2007, KLS reported that the specimen was confirmed positive for marijuana.

### Violation No. 5 - Admission to Smoking Methamphetamine on or About 7/21/2007

On 7/31/2007, the subject's counselor at Queen's IOP Readiness Program reported that the subject's progress in treatment was poor.  She indicated that the subject failed to attend the required 12-step meetings (Narcotics Anonymous meetings) on 7/28/2007 and 7/29/2007.  Additionally, she indicated that on 7/25/2007, the subject submitted a urine specimen at Queen's that was presumptively positive for methamphetamine.  Upon being confronted by his counselor, the subject reported that he had smoked methamphetamine on or about 7/21/2007.  Furthermore, the Queen's counselor reported that the subject tested positive again on 7/27/2007.  Upon being confronted by his counselor, the subject reported that he had not used any illegal drugs since 7/21/2007.

Later that same day (7/31/2007), this officer met with the subject at his clean and sober residence and questioned him about the 7/25/2007 and 7/27/2007 presumptive positive drug tests at Queen's.  The subject reported to this officer that he had not used methamphetamine for several weeks prior to 7/25/2007.  He denied using methamphetamine on 7/21/2007.  Upon being confronted with the statement he provided to his Queen's IOP counselor that he used methamphetamine on 7/21/2007, the subject reported that he never told his counselor he abused an illegal drug on 7/21/2007.

### Conclusion

Since the onset of supervision, the subject has been given ample opportunity to address his substance abuse addiction.  Despite these opportunities, the subject has chosen to continue to abuse illegal drugs and has attempted to avoid detection of his drug use.  The subject's actions indicate that he is not able to conform his conduct to comply with the conditions of his supervision.  Additionally, the subject's drug use coupled with his lengthy criminal history, indicate that he poses a danger to the community.  Consequently, it

**Re:    SLOT, Virgil Edward**
**Criminal No. CR 00-00187HG-12**
**REVOCATION OF SUPERVISED RELEASE**
**STATEMENT OF FACTS - Page 4**

is recommended that a No Bail warrant be issued for his appearance before the Court to show cause why supervised release should not be revoked.

Respectfully submitted by,

MARK T. NUGENT
U.S. Probation Officer

Approved by:

PETER D. YOSHIHARA
Supervising U.S. Probation Officer

MTN/pts

Re:    SLOT, Virgil Edward
       Criminal No. CR 00-00187HG-12
       REVOCATION OF SUPERVISED RELEASE
       STATEMENT OF FACTS - Page 5


## NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION

There do not appear to be any circumstances that warrant imposition of additional conditions at this time.

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 1 3 2001

at 3 o'clock and ___ min ___ M
WALTER A. Y. H. CHINN CLERK

# ORIGINAL

# United States District Court
## District of Hawaii

UNITED STATES OF AMERICA '01 APR 16

v.

**VIRGIL EDWARD SLOT**

U S. PROB
HONOL

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)
Case Number:  **1:00CR00187-012**

Michael J. Nakano, Esq.
Defendant's Attorney

## THE DEFENDANT:

[✔]    pleaded guilty to count(s): <u>2 of the Superseding Indictment and Count 1 of the Information</u> .
[ ]    pleaded nolo contendere to counts(s) ___ which was accepted by the court.
[ ]    was found guilty on count(s) ___ after a plea of not guilty.
       Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. 846 | Conspiracy to distribute and possess with intent to distribute heroin, Sched. I controlled substance, and cocaine, Sched. II controlled substance | 04/08/00 | 2 |
| 18 U.S.C. 922(g) & 924(a)(2) | Unlawful user of a controlled substance in possession of a firearm | 04/08/00 | 1 (Information) |

The defendant is sentenced as provided in pages 2 through _7_ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]    The defendant has been found not guilty on counts(s) ___ and is discharged as to such count(s).

[✔]    Count(s) <u>78 of the Superseding Indictment and 2 of the Second Superseding Indictment</u> are dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.:    **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**

Defendant's Date of Birth:    **02/27/52**

Defendant's USM No.:  **87628-022**

Defendant's Residence Address:
**568 Kainalu Place**
**Wailuku, Maui, Hawaii 96793**

Defendant's Mailing Address:
**568 Kainalu Place**
**Wailuku, Maui, Hawaii 96793**

April 9, 2001
Date of Imposition of Judgment

Signature of Judicial Officer

**HELEN GILLMOR**, United States District Judge
Name & Title of Judicial Officer

4-13-01
Date

ATTEST: A True Copy
WALTER A.Y.H. CHINN
Clerk, United States District
Court, District of Hawaii

By

AO 245B (Rev. 8/96) Sheet 2 - Imprisonment

| | |
|---|---|
| CASE NUMBER:       1:00CR00187-012 | Judgment - Page 2 of 7 |
| DEFENDANT:         VIRGIL EDWARD SLOT | |

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 120 MONTHS .

This term consists of ONE HUNDRED TWENTY (120) MONTHS as to each of Counts 2 of the Superseding Indictment and to the Information, all such terms to run concurrently.

[✔]      The court makes the following recommendations to the Bureau of Prisons:
MCFP Springfield, MO; the longest drug treatment available; medical assessment of Defendant's heart condition.

[✔]      The defendant is remanded to the custody of the United States Marshal.

[ ]      The defendant shall surrender to the United States Marshal for this district.
[ ] at ___ on ___.
[ ] as notified by the United States Marshal.

[ ]      The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
[ ] before _ on ___.
[ ] as notified by the United States Marshal.
[ ] as notified by the Probation or Pretrial Services Officer.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on_____ to _____

at _____ , with a certified copy of this judgment.


_____
UNITED STATES MARSHAL


By  _____
Deputy U.S. Marshal

AO 245B (Rev. 8/96) Sheet 3 - Supervised Re

| | | |
|---|---|---|
| CASE NUMBER: | 1:00CR00187-012 | Judgment - Page 3 of 7 |
| DEFENDANT: | VIRGIL EDWARD SLOT | |

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 5 YEARS .

This term consists of FIVE (5) YEARS as to Count 2 of the Superseding Indictment and THREE (3) YEARS as to the Information, all such terms to run concurrently.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13,1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

[ ]     The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

[✔]     The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check if applicable).

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated below).

# STANDARD CONDITIONS OF SUPERVISION

1)    the defendant shall not leave the judicial district without permission of the court or probation officer;
2)    the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3)    the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4)    the defendant shall support his or her dependants and meet other family responsibilities;
5)    the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6)    the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7)    the defendant shall refrain from excessive use of alcohol;
8)    the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9)    the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10)   the defendant shall permit a probation officer to visit home or her at an time a home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11)   the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12)   the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13)   as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 8/96) Sheet 3 - Supervised Release

CASE NUMBER:        1:00CR00187-012                                  Judgment - Page 4 of 7
DEFENDANT:          VIRGIL EDWARD SLOT

# SPECIAL CONDITIONS OF SUPERVISION

1) That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

2) That the defendant is prohibited from possessing any illegal or dangerous weapons.

3) That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

**ACKNOWLEDGMENT OF CONDITIONS**

I have read or have had read to me the conditions of supervision set forth in this judgment and I fully understand them. I have been provided a copy of them.

I understand that upon finding of a violation of probation or supervised release, the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

_____    5/11/07
Defendant                            Date

_____    5/11/07
United States Probation Officer      Date

AO 245 S (Rev. 3/95) Sheet 5, Part B - Criminal    tary Penalties

| CASE NUMBER: | 1:00CR00187-012 | Judgment - Page 5 of 7 |
|---|---|---|
| DEFENDANT: | VIRGIL EDWARD SLOT | |

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the Schedule of Payments set forth on Sheet 5, Part B.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 200.00 | $ | $ |

[ ]    If applicable, restitution amount ordered pursuant to plea agreement .......... $_____

# FINE

The above fine includes costs of incarceration and/or supervision in the amount of $ _.

The defendant shall pay interest on any fine of more than $2500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g).

[ ]    The court determined that the defendant does not have the ability to pay interest and it is ordered that:

[ ]    The interest requirement is waived.

[ ]    The interest requirement is modified as follows:

# RESTITUTION

[ ]    The determination of restitution is deferred in a case brought under Chapters 109A, 100, 110A and 113A of Title 18 for offenses committed on or after 09/13/1994, until up to 60 days. An amended Judgment in a Criminal Case will be entered after such determination.

[ ]    The court modifies or waives interest on restitution as follows:

[ ]    The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order of percentage payment column below.

| Name of Payee | **Total Amount of Loss | Amount of Restitution Ordered | Priority Order or % of Pymnt |
|---|---|---|---|
| | TOTALS: | $ ____ | $ ____ |

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994.

AO 245 S (Rev. 3/95) Sheet 5, Part B - Criminal    tary Penalties

CASE NUMBER:          1:00CR00187-012                                        Judgment - Page 6 of 7
DEFENDANT:            VIRGIL EDWARD SLOT

# SCHEDULE OF PAYMENTS

   Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

   Payment of the total fine and other criminal monetary penalties shall be due as follows:

A    [✔]    in full immediately; or

B    [ ]    $ _ immediately, balance due (in accordance with C, D, or E); or

C    [ ]    not later than _ ; or

D    [ ]    in installments to commence _ day(s) after the date of this judgment.  In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E    [ ]    in _ (e.g. equal, weekly, monthly, quarterly) installments of $ _ over a period of _ year(s) to commence _ day(s) after the date of this judgment.


   Special instructions regarding the payment of criminal monetary penalties:


   [ ]    The defendant shall pay the cost of prosecution.


   [ ]    The defendant shall forfeit the defendant's interest in the following property to the United States:


Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment.  All criminal monetary payments are to be made as directed by the court, the probation officer, or the United States Attorney.

AO 245S (Rev. 3/95) Sheet 6 - Statement of ___ on

| | |
|---|---|
| CASE NUMBER:     1:00CR00187-012 | Judgment - Page 7 of 7 |
| DEFENDANT:       VIRGIL EDWARD SLOT | |

# STATEMENT OF REASONS

[✔] The court adopts the factual findings and guideline application in the presentence report.

OR

[ ] The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary):

**Guideline Range Determined by the Court:**

Total Offense Level: 27

Criminal History Category: V

Imprisonment Range: 120 to 150 months

Supervised Release Range: 4 to 5 years

Fine Range:$ 12,500.00 to $ 2,000,000.00

[✔] Fine is waived or is below the guideline range, because of inability to pay.

Total Amount of Restitution: $ n/a

    [ ] Full restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(d).

    [ ] For offenses that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order and do not allow for the payment of any or some portion of a restitution order in the foreseeable future under any reasonable schedule of payments.

    [ ] Partial restitution is ordered for the following reason(s).

[ ] The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by application of the guidelines.

OR

[✔] The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reasons(s):
Defendant's assistance to the government and medical condition.

OR

[ ] The sentence departs from the guideline range:

    [ ] upon motion of the government, as a result of defendant's substantial assistance.

    [ ] for the following specific reason(s):

PROB. 12B
(7/93)

RECEIVED **United States District Court**

for the

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 29 2007

'07 JUN 29 A11 :06  **DISTRICT OF HAWAII**

at __11__ o'clock and __8__ min. __M
SUE BEITIA, CLERK

**Request for Modifying the Conditions or Term of Supervision**
U.S. PROBATION OFFICE **with Consent of the Offender**
HONOLULU, HAWAII *(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender:  VIRGIL EDWARD SLOT          Case Number:  CR 00-00187HG-01

Name of Sentencing Judicial Officer:    The Honorable Helen Gillmor
                                        Chief U.S. District Judge

Date of Original Sentence:  4/9/2001

Original Offense:    Count 2:  Conspiracy to Distribute and Possess With Intent to
                     Distribute Heroin, in violation of 21 U.S.C. § 841(a)(1)

                     Single-Count Information:  Possession of a Firearm While Being
                     an Unlawful User of a Controlled Substance, in violation of
                     18 U.S.C. § 922(g)

Original Sentence:   The subject was sentenced to 120 months imprisonment as to both
                     Counts, to be followed by 5 years supervised release as to Count 2
                     and 3 years supervised release as to the single-Count Information,
                     to be served concurrently with each other.  The following special
                     conditions were ordered:  1) That the defendant participate
                     in a substance abuse program, which may include drug testing at
                     the discretion and direction of the Probation Office; 2) That the
                     defendant is prohibited from possessing any illegal or dangerous
                     weapons; and 3) That the defendant shall submit his person,
                     residence, place of employment, or vehicle to a search conducted
                     by the U.S. Probation Office at a reasonable time and in a
                     reasonable manner, based upon reasonable suspicion of
                     contraband or evidence of a violation of a condition of release.
                     Failure to submit to a search may be grounds for revocation.  The
                     defendant shall warn any other resident that the premises may be
                     subject to search pursuant to this condition.

Modified Sentence:   On 5/21/2002, the Court granted a Motion filed by the government
                     to reduce the defendant's sentence pursuant to the Federal Rule of
                     Criminal Procedure § 35(b).  The Court reduced the sentence from
                     a total of 120 months to 96 months, a reduction of 24 months.  The
                     defendant's sentence previously imposed by this Court remained
                     the same in all other respects.

Prob 12B
(7/93)

2

Type of Supervision:  Supervised Release      Date Supervision Commenced:  5/11/2007

## PETITIONING THE COURT

[X]    To modify the conditions of supervision as follows:

General
Condition

*That the defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision (Mandatory Condition).*

Special
Condition
No. 4

*That the defendant shall participate in mental health counseling at the discretion and direction of the Probation Office.*

## CAUSE

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | That the subject admitted that, on or about 5/29/2007, he smoked methamphetamine, in violation of the General Condition. |

The subject began his term of supervised release on 5/11/2007.  The subject was initially residing with his adult daughter and her husband.  However on 6/1/2007, the subject informed this officer that he and his daughter were not getting along.  He explained that because he was incarcerated for so long, he had been unable to establish a bond with her.  As a result, the subject reported that he was feeling depressed.  The subject indicated that on or about 5/29/2007, he smoked methamphetamine in response to his depression.  The subject acknowledged that smoking methamphetamine was a mistake and indicated that he would be willing to continue with drug treatment at Freedom Recovery Services and enter into mental health counseling.

In an effort to stabilize his living situation, on 6/4/2007, the subject secured a room in a clean and sober home in Honolulu.  Furthermore, the subject is currently working on a full time basis for Hawaii National Landscape as a laborer and has recently secured a second job as a prep cook for Shore Bird Restaurant.  Despite his relapse, the subject presents a positive attitude and a desire to return to compliance.

Prob 12B
(7/93)

3

Given the subject's willingness to address his drug addiction and mental health issues, it is respectfully recommended that the Court take no action on the violations at this time and add a special condition for mental health treatment.  Such a condition will enable the Probation Office to require the subject to participate in appropriate mental health treatment.  Additionally, the subject has agreed to modify his conditions of supervised release to allow drug testing consistent with *United States v. Stephens*. The subject's extensive substance abuse history warrants the modification of the condition.  The revised condition will enable our office to monitor the subject's future compliance once he completes substance abuse treatment.

Attached is a signed Waiver of Hearing to Modify Conditions of Supervised Release.  The subject waives his right to a hearing and to assistance of counsel.  The subject agrees to the modification of the conditions of supervised release.  The subject's attorney and the U.S. Attorney's Office have been notified of the proposed modification and have no objections.

Respectfully submitted by,

MARK T. NUGENT
U.S. Probation Officer

Approved by:

PETER D. YOSHIHARA
Supervising U.S. Probation Officer

Date:  6/15/2007

Prob 12B
(7/93)

4

THE COURT ORDERS:

[ X ]    The Modification of Conditions as Noted Above
[   ]    Other

HELEN GILLMOR
Chief U.S. District Judge

6·28·07
Date

PROB 49
(5/96)

# United States District Court

## District of Hawaii

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release and/or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[ ]    To extend the term of supervision for  years, for a total term of  years.
[ X ]    To modify the conditions of supervision as follows:

GENERAL
CONDITION    That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision.

SPECIAL
CONDITION
No. 4    That the defendant shall participate in mental health counseling at the discretion and direction of the Probation Office.

Witness: _____
MARK T. NUGENT
U.S. Probation Officer

Signed: _____
VIRGIL SLOT
Supervised Releasee

_____
6/1?/07
Date