Prob 12C
(Rev. 1/06 D/HI)

**ORIGINAL**

SEALED
BY ORDER OF THE COURT
FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 27 2008

at \_\_\_ o'clock and \_\_\_ min \_\_\_ M.
SUE BEITIA, CLERK

<u>**SEALED BY ORDER OF THE COURT**</u>
**United States District Court**

for the

**DISTRICT OF HAWAII**

U.S.A. vs. <u>VIRGIL EDWARD SLOT</u>          Docket No. <u>CR 00-00187HG-12</u>

**REQUEST FOR COURSE OF ACTION**
**(Statement of Alleged Violations of Supervised Release)**

   COMES NOW MARK T. NUGENT, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of VIRGIL EDWARD SLOT who was placed on supervision by the Honorable Helen Gillmor sitting in the Court at Honolulu, Hawaii, on the 9th day of April 2001, who fixed the period of supervision at 5 years as to Count 2 of the Superseding Indictment and 3 years as to the Information, all such terms to run concurrently, and imposed the General terms and conditions theretofore adopted by the Court and also imposed Special Conditions and terms as follows:

   1.  That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

   2.  That the defendant is prohibited from possessing any illegal or dangerous weapons.

   3.  That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

   The subject began his initial term of supervised release on 5/11/2007.

   On 6/29/2007, the Court modified a Mandatory Condition and added a Special Condition as follows:

Mandatory Condition:   That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision (Mandatory Condition).

Special Condition
No. 4:            That the defendant shall participate in mental health counseling at the discretion and direction of the Probation Office.

On 2/6/2008, the Court revoked supervised release based on a finding that the subject admitted using methamphetamine on three (3) occasions, tested positive for marijuana, and refused to comply with drug testing on two (2) occasions. The subject was sentenced to time served to be followed by fifty-nine (59) months of supervised release as to both counts to be served concurrently, with the following special conditions:

1. That the defendant shall participate in and comply with substance abuse treatment which includes drug and alcohol testing in a program approved by the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

2. That the defendant serve up to 6 months community confinement in a residential reentry center in Mahoney Hale, or a clean and sober home, at the discretion and direction of the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

3. That the defendant participate in a mental health program at the discretion and direction of the Probation Office.

4. That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

Alleged Violation(s) of Supervised Release

That the subject has violated the conditions of his Supervised Release (Judgment attached) as follows:

1. The subject failed to comply with drug testing on 4/30/2008 and 6/23/2008, in violation of the General Condition and Special Condition No. 1.

2. The subject's urine specimens submitted on 6/1/2008 and 6/11/2008 tested positive for methamphetamine, and the subject admitted to using methamphetamine on about 6/20/2008, in violation of the General Condition and Standard Condition No. 7.

Based on the above, the U.S. Probation Officer recommends that a NO BAIL Warrant be issued and that the subject be brought before the Court to show cause why supervision should not be revoked.

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[✓] The issuance of a NO BAIL Warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL Warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

[ ] Other

        I declare under penalty of perjury that the foregoing is true and correct

        Executed on  6/26/2008

        MARK T. NUGENT
        U.S. Probation Officer

Approved by:

TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

## ORDER OF COURT

THE COURT ORDERS the issuance of a NO BAIL Warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL Warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

Considered and ordered this 26th day of June, 2008, and ordered filed and made a part of the records in the above case.

        HELEN GILLMOR
        Chief U.S. District Judge

Re:     **SLOT, Virgil Edward**
        **Criminal No. CR 00-00187HG-12**
        **REVOCATION OF SUPERVISED RELEASE**

### STATEMENT OF FACTS

On 8/2/2007, a Probation From 12C Request for Course of Action, was filed. In considering the subject's refusal to comply with drug testing and his continued abuse of methamphetamine, this officer recommended revocation of the subject's term of supervision. However, at the revocation hearing on 8/28/2007, based upon the subject's entry into the Salvation Army Adult Rehabilitation Center (ARC) residential drug treatment program, Your Honor agreed to allow the subject to be released from custody to the participate in this program. The hearing on the motion to revoke supervision was continued. Following this, the subject was discharged from the ARC program due to an altercation he had with a fellow participant. Despite this, at a subsequent hearing, Your Honor provided the subject with a second opportunity by allowing him to enter into residential drug treatment at the Salvation Army Addiction Treatment Services (ATS) program. Finally, based upon the subject's positive progress at ATS, on 2/6/2008, Your Honor revoked the subject's term of supervised release and sentenced the subject to time served (approximately 1 month) to be followed by 35 months of supervised release. As a special condition of supervised release, the subject was required to submit to drug testing.

**Violation No. 1 - Failure to Comply With Drug Testing on 4/30/2008 and 6/23/2008:** On 2/11/2008, the subject successfully completed residential drug treatment at ATS and was transitioned into a clean and sober living home. Upon re-entering the community, the subject was referred to Freedom Recovery Services (FRS) for drug testing. The subject was oriented to the drug testing protocol.

On 4/30/2008, the subject failed to report for drug testing at FRS. When questioned, the subject indicated that he may have forgotten to call the drug testing number. This officer verbally reprimanded the subject and reminded him of the importance of providing urine specimens to demonstrate that he is drug-free.

On 6/23/2008, the subject reported to FRS at approximately 7:30 p.m. to provide a urine specimen. The subject was unable to provide a urine specimen before FRS closed at 8:00 p.m. Upon questioning the subject, he reported that due to the medication he takes, he has a hard time urinating. The subject acknowledged that he was aware that FRS closed at 8:00 pm., and that it was his responsibility to provide a urine sample before closing.

Re:   SLOT, Virgil Edward
      Criminal No. CR 00-00187HG-12
      REVOCATION OF SUPERVISED RELEASE
      STATEMENT OF FACTS - Page 2


**Violation No. 2 - Positive Drug test for Methamphetamine on 6/1/2008 and 6/11/2008 and Admission to Using Methamphetamine on or About 6/20/2008:** On 6/1/2008, the subject provided a urine specimen at FRS that was presumptively positive for methamphetamine. The specimen was forwarded to Kroll Laboratories (Kroll) and later confirmed that the subject's urine contained methamphetamine. Upon being questioned by this officer about the positive drug test, the subject denied using methamphetamine.

Following this, on 6/11/2008, the subject provided a urine specimen at FRS that was presumptively positive for methamphetamine. The specimen was forwarded to Kroll who later confirmed that the subject's urine contained methamphetamine.

On 6/12/2008, upon questioning the subject about the 6/11/2008 methamphetamine positive, the subject denied using methamphetamine. The subject reported that he was taking the prescription medication Sudogest for congestion and that this caused the methamphetamine positives on 6/1/2008 and 6/11/2008. The subject further claimed that his physician, Dr. Joseph Luna, informed him that Sudogest could cause a methamphetamine positive urine test. The subject was instructed to report to the Probation Office on 6/13/2008 with all of his prescription medications.

On 6/13/2008, the subject reported to the Probation Office and provided prescriptions for the following medications: Sudogest, Trazod, Loratadine, and Hydrocodone. Following this, a request was made to Kroll, to determine if any of the above prescription medications could cause a positive drug test for methamphetamine.

It is noted that in March 2008, the subject began taking the prescription narcotic pain medication Hydrocodone to address chronic back pain. This officer confirmed that the subject's treating physician was aware of the subject's substance abuse history and addictive personality. Despite this officers expressed concerns, the subject's physician indicated that the narcotic pain medication was necessary to help control the subject's discomfort. This officer urged the subject on numerous occasions to stop using narcotic pain medications and to turn to alternatives such as non-narcotic pain medications or physical therapy.

On 6/24/2008, the Director of Toxicology at Kroll reported that ingesting the medications, Sudogest, Trazod, Loratadine, and/or Hydrocodone, did not cause the urine specimens provided on 6/1/2008 and 6/11/2008 to test positive for methamphetamine. The 6/1/2008 and 6/11/2008 urine specimens both contained methamphetamine.

**Re:   SLOT, Virgil Edward**
**Criminal No. CR 00-00187HG-12**
**REVOCATION OF SUPERVISED RELEASE**
**STATEMENT OF FACTS - Page 3**


Later that same day (6/24/2008), this officer met with the subject and confronted him with the report from Kroll. Despite this, the subject continued to assert that he had not used methamphetamine. Additionally, upon being instructed to provide a urine specimen, the subject reported that he could not urinate. As a result, the subject was instructed to return later that day.

Upon returning to the office, the subject then informed this officer that he had just spoken with his narcotics anonymous sponsor who urged him to be truthful. The subject proceeded to explain that over the past 2 or 3 months he has been using methamphetamine sporadically. He explained that he would "treat" himself to methamphetamine after being paid every other week. The subject feels that he began to lose control when he started using the prescription narcotic pain medications. The subject admitted that the positive urine tests on 6/1/2008 and 6/11/2008 were the result of his use of methamphetamine. He further admitted that he most recently used methamphetamine on or about 6/20/2008.

The subject proceeded to provide a urine specimen that was presumptively positive for methamphetamine. The urine specimen was forwarded to Kroll for confirmation testing and the results remain outstanding.

In summary, the subject has been provided numerous opportunity to address his substance abuse addiction. Despite these opportunities, the subject has chosen to continue to abuse illegal drugs and has attempted to avoid detection of his drug use. The subject's actions indicate that he is not able to conform his conduct to comply with the conditions of his supervision. Additionally, the subject's drug use, coupled with his lengthy criminal history, indicate that he poses a danger to the community.

Re:   SLOT, Virgil Edward
      Criminal No. CR 00-00187HG-12
      REVOCATION OF SUPERVISED RELEASE
      STATEMENT OF FACTS - Page 4

Consequently, it is recommended that a No Bail warrant be issued for his appearance before the Court to show cause why supervised release should not be revoked.

Respectfully submitted by,

MARK T. NUGENT
U.S. Probation Officer

Approved by:

TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

MTN/ct

Re:   SLOT, Virgil Edward
      Criminal No. CR 00-00187HG-12
      REVOCATION OF SUPERVISED RELEASE
      STATEMENT OF FACTS - Page 5

**NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION**

There do not appear to be any circumstances that warrant imposition of additional conditions at this time.

AO 245D   (Rev. 12/03) Sheet 1 - Judgment in a Criminal Case for Revocation

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
MAR 06 2008
at ___ o'clock and ___ min ___ M.
SUE BEITIA, CLERK

# United States District Court
## District of Hawaii

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>**VIRGIL EDWARD SLOT**<br>(Defendant's Name) | **JUDGMENT IN A CRIMINAL CASE**<br>(For **Revocation** of Probation or Supervised Release)<br>Criminal Number: 1:00CR00187-012<br>USM Number: 87628-022<br>Louis Michael Ching<br>Defendant's Attorney |

**THE DEFENDANT:**

[✔] admitted guilt to violation of Special Condition No. 1 and General Condition of the term of supervision.
[ ] was found in violation of condition(s) _____ after denial or guilt.

| Violation Number | Nature of Violation | Date Violation Occurred |
|---|---|---|
| See next page. | | |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has not violated condition(s) _____ and is discharged as to such violation(s) condition.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Defendant's Soc. Sec. No.: 4024

Defendant's Residence Address:
Honolulu, Hawaii 96826

Defendant's Mailing Address:
Honolulu, Hawaii 96826

February 6, 2008
Date of Imposition of Sentence

_/s/_ Signature of Judicial Officer

**HELEN GILLMOR**, Chief United States District Judge
Name & Title of Judicial Officer

3·5·08
Date

AO 245 D (Rev. 3/95) Judgment in a Criminal Case for Revocation Sheet I

CASE NUMBER: 1:00CR00187-012
DEFENDANT: VIRGIL EDWARD SLOT

Judgment - Page 2 of 5

## ADDITIONAL VIOLATION

| Violation Number | Nature of Violation | Date Violation Concluded |
|---|---|---|
| 1. | The subject admitted that on or about 5/29/2007, he smoked methamphetamine, in violation of the General Condition. | |
| 2. | That the subject refused to comply with drug testing on 6/26/2007 and 7/23/2007. | |
| 3. | The subject admitted that on or about 6/27/2007, he smoked methamphetamine, in violation of the General Condition. | |
| 4. | That the subject's urine specimen submitted on 7/20/2007 tested positive for marijuana. | |
| 5. | The subject admitted that on or about 7/21/2007, he smoked methamphetamine, in violation of the General Condition. | |

AO 245B  (Rev. 6/05) Judgment in a Criminal Case
        Sheet 2 - Imprisonment

CASE NUMBER:     1:00CR00187-012                                  Judgment - Page 3 of 5
DEFENDANT:       VIRGIL EDWARD SLOT

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: TIME SERVED as to BOTH Count 2 and the single-Count Information, to be served concurrently.

[ ]   The court makes the following recommendations to the Bureau of Prisons:

[ ]   The defendant is remanded to the custody of the United States Marshal.

[ ]   The defendant shall surrender to the United States Marshal for this district.
      [ ] at ___ on ___.
      [ ] as notified by the United States Marshal.

[ ]   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
      [ ] before __ on ___.
      [ ] as notified by the United States Marshal.
      [ ] as notified by the Probation or Pretrial Services Officer.

## RETURN

I have executed this judgment as follows:

_____
_____
_____

    Defendant delivered on _____ to _____
at _____, with a certified copy of this judgment.

                                                    _____
                                                    UNITED STATES MARSHAL

                                             By    _____
                                                    Deputy U.S. Marshal

AO 245B   (Rev. 6/05) Judgment in a Criminal Case
          Sheet 3 - Supervised Release

CASE NUMBER:    1:00CR00187-012                                                Judgment - Page 4 of 5
DEFENDANT:      VIRGIL EDWARD SLOT

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: 59 MONTHS as to Count 2, and 35 MONTHS as to the single-Count Information, to be served concurrently.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

That the defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of commencement on supervision and at least two periodic drug tests thereafter, but not more than 8 valid drug tests per month during the term of supervised release.

[ ]   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

[✓]   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon (Check if applicable.)

[✓]   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check if applicable.)

[ ]   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check if applicable.)

[ ]   The defendant shall participate in an approved program for domestic violence. (Check if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

### STANDARD CONDITIONS OF SUPERVISION

1)  the defendant shall not leave the judicial district without permission of the court or probation officer;
2)  the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3)  the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4)  the defendant shall support his or her dependants and meet other family responsibilities;
5)  the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6)  the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7)  the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8)  the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9)  the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (Rev. 6/05) Judgment in a Criminal Case
           Sheet 3 - Supervised Release

CASE NUMBER:    1:00CR00187-012                                          Judgment - Page 5 of 5
DEFENDANT:      VIRGIL EDWARD SLOT

## SPECIAL CONDITIONS OF SUPERVISION

1. That the defendant shall participate in and comply with substance abuse treatment which includes drug and alcohol testing in a program approved by the Probation Office. That the defendant is prohibited from the possession and use of alcohol while participating in substance abuse treatment.

2. That the defendant serve up to 6 months community confinement in a residential reentry center in Mahoney Hale, or a clean and sober home, at the discretion and direction of the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

3. That the defendant participate in a mental health program at the discretion and direction of the Probation Office.

4. That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

**ACKNOWLEDGMENT OF CONDITIONS**
I have read or have had read to me the conditions of supervision set forth in this judgment and I fully understand them. I have been provided a copy of them.
I understand that upon finding of a violation of probation or supervised release, the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

_____   4/4/08
Defendant                          Date

_____   4/4/08
United States Probation Officer    Date